**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RYK MOSLEY,

    Plaintiff

v.

PICKENS, et al.,

    Defendants

Case No.: 3:23-cv-00434-ART-CSD

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF No. 47

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendants' motion for summary judgment. (ECF Nos. 47, 47-1 to 47-19.) Despite being given an extension of time (ECF No. 50), Plaintiff did not file a response.

After a thorough review, it is recommended that Defendants' motion be granted.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP).

The court screened Plaintiff's complaint and allowed him to proceed with the following claims: (1) Eighth Amendment excessive force claims against Chet Rigney, Pickens, Jacobs, Davis, Cox, Curtis Rigney, and Does 1 and 2; (2) a retaliation claim against Chet Rigney and Pickens; (3) a Fourteenth Amendment equal protection claim against Chet Rigney and Curtis Rigney; (4) a due process claim against Curtis Rigney, Allred, Cox, and Stolk; and (5) an Eighth

Amendment deliberate indifference to serious medical needs claim against Does 3 and 4. (ECF No. 3.)

Defendants move for summary judgment, arguing that Plaintiff failed to exhaust administrative remedies; there was no violation of Plaintiff's constitutional rights; and they are entitled to qualified immunity.

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id*. at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re*

*Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)

(quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The failure to exhaust administrative remedies is "'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007)). If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. *Id*. at 1168, 1170-71.

Once a defendant shows the plaintiff did not exhaust available administrative remedies, the burden shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. at 1172 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)).

Exhaustion cannot be satisfied by filing an untimely or otherwise procedurally infirm grievance, but rather, the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). "Proper exhaustion" refers to "using all steps the agency holds out, and doing so

*properly* (so that the agency addresses the issues on the merits)." *Id*. (emphasis in original) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "[s]ection 1997e(a) requires an inmate not only to pursue every available step of the prison grievance process but also to adhere to the 'critical procedural rules' of that process." *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (quoting *Woodford,* 548 U.S. at 90). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

NDOC's Administrative Regulation (AR) 740 contains the prison's grievance process, which an inmate must complete in order to exhaust administrative remedies. To exhaust administrative remedies the inmate must proceed through three levels of a grievance: informal, first, and second levels. (ECF No. 47-13.)

Plaintiff initiated grievance 2006-31-44273 at the informal level on October 9, 2022, stating that he was subject to excessive force on September 26, 2022, and that a comment was made that Plaintiff was beaten because of his race. (ECF No. 47-17 at 8-10.)  This grievance was rejected on October 24, 2022, with a statement that Plaintiff could not have a grievance filed for him on behalf of another offender, but Plaintiff was also informed that the grievance was partially granted as it was referred to the Inspector General's Office. The instructions on the rejection form instructed Plaintiff that he could re-submit the grievance at the same level. (ECF No. 47-17 at 7.)

Plaintiff re-filed grievance 2006-31-44273 at the informal level on November 28, 2022, asserting that he was subject to excessive force on September 26, 2022, and that Rigney made comments that this was done because of his race. (ECF No. 47-17 at 2, 4-5.) The informal level

grievance was partially granted and the matter was referred to the Inspector General's Office for further investigation. (*Id*. at 3.)

If a grievance is partially granted at any level, the inmate must appeal the response to the next grievance level for the grievance process to be considered complete and administrative remedies exhausted. (ECF No. 47-13 at 6.) Plaintiff did not pursue this grievance beyond the informal level. Therefore, he did not comply with AR 740. Plaintiff did not respond to Defendants' motion to assert that he did complete the grievance process as to these claims or that the grievance process was unavailable to him. Therefore, the court finds Plaintiff did not exhaust administrative remedies as to the excessive force or equal protection claims and summary judgment should be granted in Defendants' favor as to these claims.

In addition, Plaintiff's grievance history reflects that no grievance was filed concerning the Eighth Amendment deliberate indifference to serious medical needs claim, the retaliation claim or the due process claim related to his disciplinary hearing. (ECF No. 47-14.) Therefore, summary judgment should also be granted in Defendants' favor as to these claims.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** Defendants' motion for summary judgment.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for

consideration by the district judge. Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: March 4, 2026

_____
Craig S. Denney
United States Magistrate Judge

7