UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RYK MOSLEY,

              Plaintiff,

    v.

PICKENS, *et al.*,

              Defendants.

Case No. 3:23-cv-00434-ART-CSD

ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 51)

Plaintiff Ryk Mosley brings this action against Defendants Correctional Emergency Response Team ("CERT") officers Chet Rigney, Pickens, Jacobs, and Davis; Lt. Correctional Officer ("C/O") Curtis Rigney; Sgt. C/Os Cox and Stolk; Caseworker Allred; Warden Reubart; Assistant Warden Drummond; Doe CERT officers; and Doe nurses, alleging violations of his civil rights while he was housed at Ely State Prison ("ESP"). (ECF No. 1-1.) Before the Court is Defendants' motion to summary judgment. (ECF No. 47.) Despite being giving an extension of time, Mr. Mosley did not file an opposition and the time to do so expired. Magistrate Judge Denney issued a Report and Recommendation ("R&R") which recommended granting Defendants' motion for summary judgment on Mr. Mosley's claims for failure to exhaust. (ECF No. 51.)

For the foregoing reasons, the Court adopts the magistrate judge's R&R.

## I.    LEGAL STANDARD

### a.  Review of Reports and Recommendations

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any

review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Mr. Mosley has not filed an objection to the magistrate judge's R&R and his time to do so has now expired. (ECF No. 51.)

### b. Administrative Exhaustion

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

"[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). [A] prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court[.]" *Id.* at 88. But, because the PLRA requires exhaustion of those administrative remedies "as are available," the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable." *See Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010). In other words, an inmate must exhaust only those grievance procedures "that are 'capable of use' to obtain 'some relief for the action complained of.'" *Ross v. Blake*, 578 U.S. 632, 642 (2016) (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)).

Failure to exhaust administrative remedies is a non-jurisdictional affirmative defense that defendants must raise and prove. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014); *Jones v. Bock*, 549 U.S. 199, 212-17 (2007). A "defendant must first prove that there was an available administrative remedy and that the prisoner did not exhaust that available remedy. ... Then, the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him by showing that the local remedies were ineffective,

unobtainable, unduly prolonged, inadequate, or obviously futile. … The ultimate burden of proof, however, remains with the defendants." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts [in a preliminary proceeding]." *Albino*, 747 F.3d at 1166.

## II.   ANALYSIS

The magistrate judge found that Defendants met their burden to show that Mr. Mosley did not exhaust his administrative remedies pursuant to the PLRA because he did not pursue his excessive force and equal protection grievances beyond the informal level. (ECF No. 51.)

Additionally, Mr. Mosley's grievance history shows that he did not file any grievances concerning his Eighth Amendment deliberate indifference to serious medical needs claim, his retaliation claim, or his due process claim related to his disciplinary hearing. (ECF No. 47-14.) As a result, Mr. Mosley failed to administratively exhaust. The Court agrees with the magistrate judge's reasoning and adopts the R&R in full.

## III.   CONCLUSION

IT IS THEREFORE ORDERED that the Report and Recommendation (ECF No. 51) is ADOPTED in full.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (ECF No. 47) is GRANTED.

IT IS FURTHER KINDLY ORDERED that the Clerk enter judgment and close this case.

Dated this 23rd day of March 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE